FORET, Judge.
This is a worker’s compensation suit. Plaintiff, Laris J. Nolan, Jr., filed suit against his employer, Stamper Drilling Company and its worker’s compensation insurance carrier, Insurance Company of North America, seeking worker’s compensation benefits, penalties, and attorney’s fees. After trial on the merits, the trial court awarded plaintiff $514.08 in penalties and $1,000 in attorney’s fees, finding that defendant had failed to timely pay compensation to plaintiff. The trial court, however, declined to award plaintiff any compensation benefits, finding that plaintiff had ceased to be disabled as of July 17, 1984, the date on which defendant had finally terminated plaintiff’s benefits. In an amendment to its judgment, the trial court assessed a portion of the court costs against plaintiff and allowed these court costs assessed against plaintiff as a set-off against the penalties awarded to him. Plaintiff appealed, and defendant answered the appeal.
This appeal raises several issues:
(1) Whether the trial court erred in finding that plaintiff was no longer disabled after July 17, 1984;
(2) Whether the trial court erred in assessing a portion of the court costs against plaintiff;
(3) Whether the trial court erred in ordering that the court costs assessed against plaintiff be offset against the penalties awarded to him;
(4) Whether the trial court erred in not offsetting the court costs assessed to plaintiff against the attorney’s fee; and
*314 (5) Whether damages should be assessed against plaintiff for prosecution of a frivolous appeal.
FACTS
Plaintiff, Laris J. Nolan, Jr., was employed by defendant, Stamper Drilling Company, as a roughneck. On May 14, 1983, while performing his duties, plaintiff fell and injured his back. The following day he experienced pain when he picked up a 100-pound sack, again while performing his duties as a roughneck. On May 17, 1983, Dr. Ronald David Menard examined plaintiff. He found that plaintiff was suffering with spasms in his lower back and diagnosed back strain. Plaintiff continued to suffer pain and was referred to an orthopedic surgeon, Dr. Lynn Edward Foret. Dr. Foret began treating plaintiff on July 29, 1983 and was still treating him at the time of trial. Dr. Foret found that plaintiff was suffering from muscle spasms in his lower back, but initially seemed unable to provide a more detailed diagnosis. Eventually, Dr. Foret came to believe that plaintiff was suffering from disc disruption and referred plaintiff to several other physicians for evaluations.
Defendant, Insurance Company of North America, began paying plaintiff worker’s compensation shortly after his accident. The compensation payments, however, were interrupted for approximately three weeks during August of 1983. During the month of August, plaintiff filed this suit against' defendants. Although the payments for August were paid by defendant, there continued to be periodic late payments and disruptions of payment of compensation.
On June 18, 1984, a videotape was taken of plaintiff working on his car. On July 17, 1984, defendant insurance company terminated plaintiff’s benefits.
PLAINTIFF’S DISABILITY
The trial court found that plaintiff was no longer disabled after July 17, 1984. We think that the trial court’s decision in this regard was correct.
Although the evidence does indicate that plaintiff was injured while performing his duties as an employee of defendant and suffered a disability as a result, the totality of the evidence supports the trial court’s determination that plaintiff was no longer disabled after July 17, 1984.
Plaintiff’s condition was always characterized by a paucity of objective symptoms. One of the doctors who examined plaintiff at Dr. Foret’s request was Dr. John F. Raggio. Dr. Raggio found no significant disability and apparently questioned the apparent severity of plaintiff’s symptoms. He noted that although plaintiff was unable to flex or extend to any degree during examination, that . plaintiff was, nonetheless, able to sit and bend to tie his shoes. The doctor testified that during the examination he suspected that plaintiff was not giving his full effort and when he admonished him to give full effort, plaintiff seemed to have normal strength.
Another of the doctors who examined plaintiff at Dr. Foret’s request was Dr. Campbell. Dr. Campbell examined plaintiff in August of 1983, and although he said he could not say that plaintiff was ready to return to work, he found that plaintiff’s symptoms were out of proportion to the physical and x-ray findings.
Although Dr. Foret felt that plaintiff was disabled, he had great difficulty reconciling the videotapes'of plaintiff with the results of his examinations. Dr. Foret, himself, characterized plaintiff’s actions on the videotape as gymnastics, and opined that anyone who could engage in such activities was clearly not disabled. In fact, Dr. Foret’s viewing of the videotape changed his opinion regarding plaintiff’s disability, at least for a time.
We are mindful of the necessity of great caution with regard to the use of film or videotape since such pictures only show intervals of the subject’s activity, do not show rest periods, may not reflect whether the subject is experiencing pain, and do not show the aftereffects of such activity. In the present case, the videotape showed *315 twenty minutes of plaintiffs activity during a thirty-four-minute period. Dr. Foret was informed of this fact when he was shown the videotape. He was also told that during the fourteen minutes not shown on tape, plaintiff had rested. Having been thus informed, Dr. Foret was still of the opinion that the tape, in effect, demonstrated that plaintiff was not disabled. Dr. Foret, however, later changed his opinion in this regard. Subsequent to his viewing the videotape, Dr. Foret reexamined plaintiff. At that time plaintiff told Dr. Foret that the reason he was able to work on his car was because he had taken two Percodans (a prescription painkiller) just prior to beginning this activity. During a supplemental deposition taken subsequent to this reexamination, Dr. Foret expressed the opinion that he believed plaintiff was disabled. This opinion, however, was clearly conditioned on accepting as true plaintiffs claim that he had taken two Perco-dans prior to working on his car. The trial court clearly did not believe plaintiff in this respect. In its reasons for judgment, the trial court observed:
“I think the Percodan involvement is pure fabrication, and I’ll tell you why. In January he doesn’t know what he’s taking. In July, 1984, he doesn’t know what he’s taking. In May, Dr. Foret has taken him off the Percodan. And then after it’s revealed that the movies were taken and he sees them, then he’s got to make some kind of excuse for what has taken place, and he comes up with Perco-dan. Dr. Foret said if he took two Perco-dan, he would have been asleep, he would be a zombie. And there was no indication of that. He never stumbled or anything.”
Even though he accepted plaintiff’s claim that he had taken the painkillers pri- or to working on his car, Dr. Foret found it difficult to reconcile the videotape of plaintiff’s activities with his conclusion that plaintiff was disabled. At most, Dr. Foret testified that there was a possibility that the medication could explain the discrepancy. A trial court has great discretion in judging the credibility of the witnesses testifying before it. Given the evidence before it, the trial court was justified in rejecting the testimony of plaintiff. Given all of the evidence, the trial court’s conclusion that plaintiff was not disabled after July 17, 1984 was not in error.
TRIAL COURT’S ASSESSMENT OF COURT COSTS
The trial court assessed a portion of the court costs against plaintiff. The trial court has great discretion in assessing such costs. LSA-C.C.P. art. 1920. Apparently, the trial court assessed against defendants that portion of the court costs which represented those costs incurred by plaintiff in proving his entitlement to penalties and attorney’s fees as a result of defendant’s delay in making some of the worker’s compensation payments. The trial court assessed all of the other court costs against plaintiff. This division of the court costs appears to be an equitable apportionment and we cannot say that, in making it, the trial court abused its discretion.
OFFSET
In an amendment to its judgment, the trial court ordered that the court costs assessed against plaintiff should be offset against the penalties awarded to plaintiff. We can find no authority for this action of the court and think that it is improper. Having so decided, there is no need to address the question of the propriety of offsetting the attorney’s fees.
Defendant has asked that we award damages against plaintiff for the prosecution of a frivolous appeal. Since we have granted plaintiff some of the relief he sought, his appeal was clearly not frivolous.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed insofar as it ordered that the court costs assessed against plaintiff be offset against the penalties awarded to plaintiff. In all other respects, the judgment of the trial court is affirmed.
*316 Costs are assessed one-half to plaintiff and one-half to defendants.
REVERSED IN PART AND AFFIRMED IN PART.